NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
30363
12-JAN-2012
08:06 AM**

NO. 30363

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
CHRISTOPHER W. TENNIS, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTC-09-031816)


SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Christopher W. Tennis (Tennis) appeals from the December 29, 2009 Judgment entered in the District Court of the First Circuit, Honolulu Division (district court)[1] convicting him of the offenses of Excessive Speeding in violation of Hawaii Revised Statutes (HRS) § 291C-105 (2007 & Supp. 2010)[2] and Reckless Driving, in violation of HRS § 291-2

---

[1]     The Honorable Leslie Hayashi presided.

[2]     HRS § 291C-105 provides, in pertinent part,

> **Excessive speeding.**  (a)  No person shall drive a motor vehicle at a speed exceeding:
>
> > (1)     The applicable state or county speed limit by thirty miles per hour or more; or
> >
> > (2)     Eighty miles per hour or more irrespective of the applicable state or county speed limit.
>
> (b)     For the purposes of this section, "the applicable state or county speed limit" means:

(continued...)

(2007).

On appeal, Tennis contends that (1) the district court erred by admitting the speed check card as a business record under Hawaii Rules of Evidence (HRE) Rule 803(b)(6), (2) inadequate foundation was laid for the admission of the speed check card, (3) admission of the speed check card was a violation of his right to confrontation, and (4) testimony of Officer Cullen Kau (Officer Kau) as to the speed was improperly admitted, and (5) insufficient evidence of a reckless state of mind existed for the reckless driving conviction.

The State concedes that, pursuant to State v. Fitzwater, 122 Hawai'i 354, 227 P.3d 520 (2010), insufficient foundation was laid for admission of the speed check card as a business record, but argues that sufficient evidence exists for conviction on the lesser included offense of Noncompliance with Speed Limit under HRS § 291C-102(a)(1) (2007) and for conviction of the reckless driving offense.

Based on a careful review of the points on appeal, the arguments made, the record, and the applicable authority, we resolve Tennis's contentions as follows.

The record reflects that Tennis objected to the admission of the speed check card based on a lack of foundation and that there was insufficient evidence presented to satisfy the foundational requirements of Fitzwater for admissibility of the

---

[2](...continued)

(1)     The maximum speed limit established by county ordinance;

(2)     The maximum speed limit established by official signs placed by the director of transportation on highways under the director's jurisdiction; or

(3)     The maximum speed limit established pursuant to section 291C-104 by the director of transportation or the counties for school zones and construction areas in their respective jurisdictions.

(c)     Any person who violates this section shall be guilty of a petty misdemeanor . . . .

speed check card. Consequently, it was error to admit evidence of the speed check card and the speedometer reading based thereon. Thus it appears that the State's concession in this regard was well taken. State v. Wasson, 76 Hawai'i 415, 418, 879 P.2d 520, 523 (1994). Because we reach this conclusion, we do not address Tennis's other points of error on the excessive speeding charge.

In the absence of admissible evidence that Tennis's speed was in excess of thirty miles over the speed limit, there was insufficient evidence supporting his conviction for Excessive Speeding and that conviction must be reversed.

Our next inquiry is whether sufficient evidence existed for conviction of the lesser included offense of Noncompliance with Speed Limit, in violation of HRS § 291C-102(a)(1).[3] In Fitzwater, 122 Hawai'i at 360, 227 P.3d at 526 (emphasis added), where the district court judge determined that the officer's pacing speed was a "reasonably accurate clocking and irrespective" of the speed check card, the reviewing court determined that "there was sufficient evidence to establish that Fitzwater was driving his vehicle 'at a speed greater than the maximum speed limit' in violation of HRS § 291C-102(a)(1), based on Fitzwater's admission during his testimony that he was driving in excess of the speed limit, as well as [Officer] Ah Yat's testimony[,]" 122 Hawai'i at 378, 227 P.3d at 544. Although the district court in the instant case did not similarly state an alternative basis for its conviction, it appears that any error

_____

[3] HRS § 291C-102 provides, in pertinent part,

§291C-102 **Noncompliance with speed limit prohibited.**
(a) A person violates this section if the person drives:

(1) A motor vehicle at a speed greater than the maximum speed limit other than provided in section 291C-105; or

(2) A motor vehicle at a speed less than the minimum speed limit, where the maximum or minimum speed limit is established by county ordinance or by official signs placed by the director of transportation on highways under the director's jurisdiction.

3

in the district court's reliance on the speed established by Officer Kau's testimony regarding his speedometer reading was harmless beyond a reasonable doubt as to the lesser included speeding infraction where Officer Kau testified that he observed Tennis increase the distance between their two vehicles while he maintained a steady speed, Tennis admitted to traveling at a speed of "70, 73" miles per hour, and where the defense conceded "perhaps guilty of the lesser included, which is the basic speeding." See State v. Bullard, 124 Hawai'i 270, 276, 241 P.3d 562, 568 (App. 2010) (admission of speed check card was harmless in light of testimony establishing defendant's acceleration away from other vehicles and concession that he was speeding at a rate of 70-75 miles per hour).

We conclude, under the facts of this case, that the erroneous admission of the speed check card was harmless beyond a reasonable doubt with respect to the lesser included speeding infraction.

As to sufficient evidence of a reckless state of mind for the reckless driving charge, "viewing the evidence in the light most favorable to the prosecution" to determine whether "substantial evidence exists to support the conclusion of the trier of fact" and "giv[ing] due deference to the right of the trier of fact 'to determine credibility, weigh the evidence, and draw reasonable inferences from the evidence adduced[,]'" it appears that sufficient evidence existed of the mens rea of the reckless driving charge. State v. Agard, 113 Hawai'i 321, 324, 151 P.3d 802, 805 (2007) (quoting State v. Bui, 104 Hawai'i 462, 467, 92 P.3d 471, 476 (2004)) and In re Doe, 107 Hawai'i 12, 19, 108 P.3d 966, 973 (2005) (quoting State v. Lubong, 77 Hawai'i 429, 432, 886 P.2d 766, 769 (App. 1994)). In the case at bar, the testimony reflected that Tennis, in "moderate traffic," when it was "dark" at "night", at a of speed of "70" or "70, 73" miles per hour at the fastest, passed several vehicles without signaling--at one point crossing from lane 1 (fast lane) to lane 3, then back to lane 1, then all the way to lane 4, cutting some

4

vehicles off, and at one point tailgating less than a car length behind a vehicle, which "may have caused an accident" had the car in front of him braked.  The district court, in its ruling found that "Officer Kau's testimony is more credible[,]" noted "moderate traffic[,]" and Tennis's "changing multiple lanes in one swoop," where he "did not even use a lane signal change," and "came close to another vehicle".  Similar to Agard, 113 Hawai'i at 328-29, 151 P.3d at 809-10, the evidence here, taken in the strongest light for the prosecution and giving due deference to the trial court to determine credibility, "reasonably demonstrate[s] that [Tennis's] disregard of the risk to others was conscious and 'involve[d] a gross deviation from the standard of conduct that a law abiding person would observe in the same situation[.]'"

Therefore, the December 29, 2009 Judgment of the District Court of the First Circuit, Honolulu Division, is vacated as to the Excessive Speeding conviction, and we remand the case for entry of a judgment that Tennis committed the traffic infraction of Noncompliance with Speed Limit, in violation of HRS § 291C-102(a)(1), and we affirm the Judgment as to the Reckless Driving conviction.

DATED:  Honolulu, Hawai'i, January 12, 2012.

On the briefs:

Craig W. Jerome,
Deputy Public Defender,
for Defendant-Appellant.

Presiding Judge

Anne K. Clarkin,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

5